## 13971.  McKenzie *et al. v.* Marshall, trustee, *et al.*

Stephens, J.   1.   While the description of land contained in a bond for title may be so indefinite as to render the identification of the land impossible, yet where the land in actual possession of the obligee, possession of which was acquired under the bond for title, falls within the description contained in the bond, the fact of actual possession furnishes data sufficient to identify the land intended to be sold and described in the bond.   Where the property sold is described in the bond for title as being certain definitely described land and so much of certain other designated adjacent lots as "may be necessary to make the whole tract to be conveyed embrace 350 acres, more or less," the land in actual possession, acquired under the bond for title by the holder thereof, is, when it does not otherwise appear, presumably 350 acres, more or less, of the land falling within the description contained in the bond for title, and is presumably the land intended therein to be conveyed.

2. In a suit against one holding under a bond for title to recover upon a purchase-money note given by him pursuant to the bond, where the sole defense interposed was based upon the insufficiency of the description of the land in the bond for title to render possible the identification of the land, and it being essential to such defense that the defendant had failed to come into possession of the land sold and sought to be described in the bond for title, and such lack of possession was not alleged, the plea set out no defense to the note, and was properly stricken.

3. There being no other defense interposed, the judge properly rendered judgment for the plaintiff.

*Judgment affirmed.   Jenkins, P. J., and Bell, J., concur.*

Decided September 22, 1923.

Complaint; from city court of Floyd county — Judge Nunnally. September 22, 1922.

*Lamar Camp, Linton A. Dean,* for plaintiffs in error.

*Paul H. Doyal,* contra.